**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,          ) | 3:05-cr-00141-HDM-RAM |
|                                                       ) | 3:07-cv-00445-HDM-RAM |
|                   Plaintiff,                 ) | |
|                                                       ) | |
| vs.                                               ) | |
|                                                       ) | ORDER |
| EDUARDO AUGUSTINE CASTILLO-LOPEZ, ) | |
|                                                       ) | |
|                   Defendant.            ) | |

Before the court is the defendant Eduardo Augustine Castillo-Lopez's ("defendant") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (#153) on the grounds of ineffective assistance of counsel. The government has opposed (#156), and the defendant has replied (#162).[1]

On May 16, 2006, the defendant pleaded guilty to Count One[2] of

---

[1] Although the reply was filed late the court has considered the defendant's arguments contained therein.

[2] Count One charged the defendant with conspiracy to possess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. § 846, § 841(a)(1), and § 841(b)(1)(A)(viii).

1

the three-count superseding indictment.  At the time, defendant was represented by attorney Marc Picker.  The plea agreement signed by the defendant clearly stated that the minimum sentence for defendant's crime was 10 years unless he was eligible for the safety valve, which depended on the court's determination that he met the criteria listed in 18 U.S.C. § 3553(f)(1)-(5) and U.S.S.G. § 5C1.2.  (Plea Agreement 2).  It also stated that defendant waived his right to appeal any sentence within or below the applicable sentencing guidelines range.  (*Id.* at 4).  Finally, it stated: "I know I cannot withdraw my guilty plea because my attorney's sentencing predictions turn out wrong."  (*Id.* at 9).

The court thoroughly canvassed the defendant before accepting his guilty plea.  The defendant indicated the plea agreement had been translated from English to Spanish for him, (Plea Tr. 4:20-23) and that he'd had a full opportunity to review the agreement and discuss its contents with his attorney, (*id.* 3:21-23 & 4:24-5:1). He told the court that he was satisfied with his attorney's representation of him, and that his attorney had done everything he wanted him to do on his behalf.  (*Id.* 3:9-13).  He represented that he was entering the plea freely and voluntarily, and that no one had threatened or promised him anything to do so.  (*Id.* 5:7-19). Finally, he said he understood he was waiving his appellate rights, and that he could not later withdraw his plea by arguing he didn't know what he had signed or that he had misunderstood a question. (*Id.* 11:11-22; *id.* 5:19-6:1; *id.* 20:12-21:5).

At his sentencing on September 28, 2006, defendant was represented by attorney Kevin Van Ry.  His sentencing attorney had objected to the inclusion of the defendant's juvenile adjudications

2

in his criminal history, but conceded at sentencing that they satisfied the requirements of U.S.S.G. § 4A1.2(d) to be included. (Sentencing Tr. 8:11-23). Defendant had an opportunity to address the court before he was sentenced, and he did not raise any concern about attorney Van Ry's performance at that time. The court sentenced defendant to 188 months incarceration, which was at the low-end of the guidelines range.[3] (Sentencing Tr. 31:25-32:7).

On September 24, 2007, the defendant submitted his § 2255 motion. Pursuant to § 2255, a federal inmate may move to vacate, set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *Id.* § 2255.

Defendant moves to vacate his sentence and withdraw his plea on the grounds of ineffective assistance of counsel. Ineffective assistance of counsel is a cognizable claim under § 2255. *Baumann v. United States*, 692 F.2d 565, 581 (9th Cir. 1982). In order to prevail on a such a claim, the defendant must meet a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. "Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide

---

[3] The guidelines range of 188-235 months was derived from a base offense level of 36, with a two-level reduction for acceptance of responsibility, combined with a criminal history category of 3. If defendant had obtained the two-level reduction for safety valve eligibility, the guidelines range would have been 151-188 months.

3

range of reasonable representation." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253(9th Cir. 1986); *see also Richter v. Hickman*, 2008 WL 943584, at *3 (9th Cir. Apr. 9, 2008).  "A decision not to investigate must be assessed for reasonableness, applying a heavy measure of deference to counsel's judgments." *Richter*, 2008 WL 943584 at *3.  Second, the defendant must show that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687.  This requires showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Defendant complains that attorneys Picker and Van Ry rendered ineffective assistance of counsel as follows: (1) attorney Picker failed to adequately prepare for trial and induced defendant to enter a guilty plea by leading him to believe he was safety-valve eligible; (2) attorney Picker failed to obtain a provision in the plea agreement that the government would file a U.S.S.G. § 5K1.1 motion for downward departure; (3) attorney Van Ry did not address several important factors in his sentencing memorandum and at defendant's sentencing; and (4) attorney Van Ry failed to file a notice of appeal.

Ground One asserts that attorney Picker induced defendant to plead guilty by leading him to believe he was eligible for safety valve treatment under U.S.S.G. § 5C1.2 when he should have known defendant was not eligible because he had a juvenile record.  It also asserts that attorney Picker inadequately prepared for trial, by failing to pursue voice analysis of the taped conversations

4

allegedly involving the defendant, failing to request that fingerprint evidence be obtained on all evidence seized, failing to file substantive motions, and failing to subpoena witnesses to testify.  Defendant claims that attorney Picker pressured him into pleading because he was not ready for trial.  Attorney Picker denies this claim and asserts that the defendant entered into the plea agreement against his advice.  (Letter from Marc Picker to James Keller (Oct. 5, 2007)).

The record clearly shows that the defendant knew that his eligibility for safety-valve treatment was an issue to be determined by the court.  The plea agreement stated that whether the defendant was eligible for safety-valve treatment depended on whether the court found he met the criteria of 18 U.S.C. § 3553(f)(1)-(5) and U.S.S.G. § 5C1.2.  The court canvassed the defendant extensively about whether he understood the agreement and whether he was under any sort of duress.  Defendant indicated he understood the agreement and was entering his plea freely and voluntarily.  He also indicated that no one had promised him anything not contained in the agreement.  The record does not support the defendant's contention that his attorney's pretrial preparation fell below an objective standard of reasonableness.  The defendant has failed to identify any lay witness that would have been helpful to his case.  He has failed to demonstrate that additional voice analysis would have materially assisted in trial preparation.  He has failed to show how fingerprint analysis of all seized evidence would have changed the outcome of the proceeding, and he has failed to explain which specific substantive motions his attorney should have filed on his behalf and how such motions would

5

have helped his case.  Finally, and most importantly, he failed to raise any of these concerns at his change of plea hearing, and in fact represented to this court that his attorney had done everything he wanted him to do on his behalf.  Under these circumstances, the court finds that the defendant has failed to show that attorney Picker's performance fell below an objective standard of reasonableness or that defendant was prejudiced in his defense.  Accordingly, defendant's claim under Ground One is denied.

Ground Two alleges that attorney Picker failed to bargain for or secure a provision in the plea agreement that the government would file a motion for downward departure based on substantial assistance pursuant to U.S.S.G. § 5K1.1.  Attorney Picker states there was no negotiation for a § 5K1.1 motion "because Mr. Castillo-Lopez was refusing to testify or cooperate."  (Letter from Marc Picker to James Keller (Oct. 5, 2007)).

The filing of a § 5K1.1 motion is discretionary with the government.  Even if his attorney failed to request such a motion, the failure to do so in this case did not fall outside the wide range of reasonable representation.  Further, the defendant understood the plea agreement and discussed its contents with his attorney; he signed the agreement knowing that it did not contain the provision he now argues should have been included.  Finally, because the defendant gave testimony that contradicted his statement in the plea agreement it is unlikely the government would have considered such a motion. (*See* Sentencing Tr. 34:21-35:16).  Accordingly, the defendant cannot show a reasonable probability that but for counsel's unprofessional errors the outcome of the

6

proceeding would have been any different, and his claim under Ground Two is denied.

Ground Three asserts attorney Van Ry proffered incorrect authority in support of his argument that defendant's juvenile adjudication could not be included in his criminal history. The defendant also claims attorney Van Ry failed to argue defendant's criminal history category overstated his propensity to commit other criminal acts and that his status as a deportable alien meant his imprisonment would be more severe than a non-alien.

First, U.S.S.G. § 4A1.2(d) application note 7 does not support defendant's assertion that his juvenile adjudication should not be included in his criminal history. Second, the sentencing memorandum filed by attorney Van Ry argued that the defendant's juvenile adjudication should not be used to compute his criminal history category. He requested a significant downward departure on behalf of the defendant based on the lack of a victim, the defendant's minimal role, and other mitigating factors. And he argued that the sentencing guidelines' range was greater than necessary, and suggested a sentence of 27-33 months. Finally, the severity of a prison term on a deportable alien defendant is not a sentencing factor, and will be considered by the court only in very limited and rare situations. *United States v. Charry Cubillos*, 91 F.3d 1342, 1343 (9th Cir. 1996). Under these circumstances, attorney Van Ry's representation of the defendant did not fall below an objective standard of reasonableness. Further, the defendant has not shown the outcome of the proceedings would have been different. Defendant's claim under Ground Three is denied.

Ground Four asserts attorney Van Ry failed to file an appeal

7

of defendant's sentence. The defendant waived his right to appeal his sentence, subject only to those few exceptions recognized by this Circuit. *See United States v. Jeronimo*, 398 F.3d 1149, 1153 n.2 (9th Cir. 2005); *United States v. Johnson*, 67 F.3d 200, 202 n.4 (1995). The defendant's sentence was within the applicable guidelines range, and there is no evidence that any exception to his waiver of his appellate rights applies in this case. Therefore, attorney Van Ry's failure to file a notice of appeal was not outside the wide range of reasonable representation, and the defendant cannot show any prejudice to his defense. Defendant's claim under Ground Four is denied.

The defendant's motion to vacate, set aside, or correct sentence (#153) is denied.

DATED: This 17th day of April, 2008.

_____
UNITED STATES DISTRICT JUDGE

8